IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

FILED
DES MOINES, IOWA
98 FEB 23 PM 3:16
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IA

| | | |
|---|---|---|
| JANE DOE, | : | |
| Plaintiff, | : | CIVIL NO. 4-98-CV-90102 |
| vs. | : | |
| KEVIN MCKINLEY, MICHAEL MILLER, TIMOTHY SHOPPE, BARRY THOMAS, JENNIFER HOLMES, JANET DOE AND PAUL FITZGERALD, SHERIFF OF STORY COUNTY, IOWA, | : | COMPLAINT |
| Defendants. | : | |

**COMES NOW** Jane Doe, by her attorneys, and states to the Court as follows:

1.    Jane Doe is a resident of Story County, Iowa and a citizen of these United States. The subject matter of this action involves claims of a personal and embarrassing nature and for that reason this action is filed using an assumed name for Plaintiff. Upon order of this Court, or at an appropriate time in the future, Plaintiff will disclose her identity. Plaintiff's identity is known to the Defendants.

2.    Defendants Kevin McKinley, Michael Miller, Timothy Shoppe, Barry Thomas, Janet Doe and Jennifer Holmes are employees of the Story County Sheriff; Defendant Paul Fitzgerald is the Sheriff of Story County. Janet Doe is a female employee of the Story County Sheriff who was an employee in the jail at the time the events occurred.

3.    All actions occurred in Story County so jurisdiction is in the Northern District of Iowa.

## STATEMENT OF FACTS

4. On August 2, 1996, at about 9:30 p.m., Jane Doe was arrested for Public Intoxication and Resisting Arrest by police officers of Nevada, Iowa. Plaintiff was taken into custody and transported to the Story County Jail where she was placed into the custody of the Story County Sheriff and Defendants McKinley, Miller, Shoppe, Thomas, Doe and Holmes.

5. While in the custody of the Defendants, Plaintiff was placed into a padded cell. When she was placed into such cell, she was ordered to remove all of her clothing in the presence of one of the named male Defendant employees of the Sheriff whose identity is known to such defendants but whose identity is unknown to the Plaintiff. She did so and her genitals, buttocks and breasts were exposed to him and she thereafter remained naked in this cell.

6. Plaintiff was then ordered by one or more of the named Defendants, including a male Defendant, to accompany them naked to another room within the jail and she did so.

7. When Plaintiff was in the other room, she was ordered to kneel face down and naked upon a long piece of wood, like a wooden door, with restraints at each corner. She did so and while she did so, Defendants McKinley, Miller, Shoppe, Thomas and Holmes, three of whom are male, were in the room assisting in the restraint of her arms and legs outward to each corner of the wood, thus exposing her genitals, buttocks, breasts and anus to the Defendants.

8. Plaintiff remained in such position for about one hour. While in such position, one or more of the named male Defendants, whose identities are known to the Defendants but unknown to the Plaintiff, remained in the room at her feet and made comments upon her body. Defendant Jennifer Holmes or Defendant Janet Doe walked by the door on more than one occasions while Plaintiff was restrained naked and spread eagled on the board and one or the other of them eventually covered Plaintiff's body.

9. Plaintiff was released about 10:00 a.m. on August 3, 1996.

## COUNT I

### Claim for Invasion of Privacy and Violation of the Fourth Amendment Under 42 U.S.C. § 1983

10. Plaintiff repleads paragraphs 1 through 9 above,

11. This action is brought pursuant to 42 U.S.C. § 1983 and venue is with the Southern District of Iowa pursuant to 42 U.S.C. § 1346.

12. The Fourth Amendment to the United States Constitution states that all residents of these United States shall be free of unreasonable invasions of their privacy by those persons who exercise authority over them on the behalf of governmental units.

13. Plaintiff is a resident of these United States and all Defendants exercised authority over her while she was in their custody. Such exercise of authority is authorized by the Code of Iowa as regards the operation of County jails and because all Defendants are employees of the Sheriff of Story County and it was their job, collectively and individually, to maintain the operation and control of the jail and to supervise those held in custody within it.

within the course of their employment that has no penological or security justification. The Sheriff is ultimately and justifiably responsible for his employees' decisions to ensure the privacy of those in his keep.

18. Plaintiff was damaged by the action of the Defendants and she is entitled to be compensated for those damages in the following:

    a. She was humiliated and embarrassed;

    b. She was the object of scorn, gossip and derision by Defendants;

    c. Her reputation has been affected; and

    d. She has suffered mental anguish.

19. The invasion of Plaintiff's privacy and the violation of her Fourth Amendment rights was so gross and the actions so prurient that she is entitled to punitive damages.

## COUNT II

## Claim for False Imprisonment

20. Plaintiff repleads Paragraphs 1 through 9.

21. Plaintiff pleads a pendent State law claim.

22. Plaintiff was lawfully taken into custody and placed in the custody of the Sheriff of Story County.

23. While in the custody of the Sheriff of Story County, she was under the lawful authority of all Defendants by operation of Iowa law.

24. All named Defendants, having actual authority over Plaintiff, caused her to be removed from her cell at the Story County Jail and caused her to be restrained naked and spread-eagled upon a large wooden board within another room at the Story County

5

14. The action of the named Defendants, whose identity is known to the Defendants but is unknown to the Plaintiff, in causing Plaintiff to remove all of her clothing in front of him or another male Defendant and in causing her to walk naked to another room in full view of others at the jail was an unreasonable invasion of her right to privacy and a violation of the Fourth Amendment. There were no penological or security justifications to make such actions reasonable.

15. The action of all the named Defendants in restraining Plaintiff spread-eagled and naked upon a large piece of wood was an unreasonable invasion of her right to privacy and a violation of the Fourth Amendment. There were no penological or security justification to make such actions reasonable.

16. The actions of the named Defendants in either doing the actions or in failing to stop the other Defendants from doing these actions were the cause of Plaintiff's damages. All Defendants could have, either individually or collectively, discouraged or prevented their co-workers from doing the actions complained of herein.

17. The actions of the Defendants were under the policy of the Sheriff of Story County Jail with his consent and knowledge. Defendant Sheriff is responsible for the actions of the male Defendants in disrobing female inmates of his jail, is responsible for male Defendants escorting female inmates naked through his jail, and is responsible for male Defendants requiring naked female inmates to kneel upon large wooden boards and then being restrained naked and spread-eagled so that their breasts, anus and genitals are exposed to public view by his employees. Defendant Sheriff is further responsible for the failure of the named Defendants to stop their fellow workers from engaging in behavior

4

Jail. While so restrained the Plaintiff was not free to go.

25. The Plaintiff was intentionally confined by the Defendants within this room and upon the board. The confinement was unlawful in that there was no penological or security reason for the restraint and confinement upon the board within the room, that its purpose was both punitive and prurient and such unlawful confinement was known to Plaintiff.

26. The Plaintiff was damaged by the intentional actions of the Defendants and she is entitled to be compensated for those damages in the following:

    a. She was humiliated and embarrassed;

    b. She was the object of scorn, gossip and derision by Defendants;

    c. Her reputation has been affected; and

    d. She has suffered mental anguish.

27. The actions of the Defendants were wanton, willful and prurient and the Plaintiff is entitled to punitive damages.

**WHEREFORE**, the Plaintiff prays that judgment be entered in her favor and against all Defendants for actual and special damages and for costs.

### COUNT III

### Claim for Invasion of Privacy

28. Plaintiff repleads paragraph 1 through 9.

29. Plaintiff pleads a pendent State law claim.

30. Plaintiff, though a pretrial detainee and an inmate of the Story County Jail, had a reasonable expectation of privacy to the extent that such privacy did not conflict with

6

the legitimate security and penological goals of the jail.

31. The actions of the Defendants in requiring Plaintiff to disrobe completely thus exposing her genitals, buttocks and breasts in front of a male Defendant cannot be justified on either a penological or security basis.

32. The actions of the Defendants in requiring Plaintiff to remain naked in her cell, thus exposing her genitals, buttocks and breasts to them, cannot be justified on either a penological or security basis.

33. The actions of the Defendants in requiring Plaintiff to walk naked from one cell to another within the jail in the view of male Defendants, thus exposing her genitals, buttocks and breasts to them, cannot be justified on either a penological or security basis.

34. The actions of the Defendants in requiring Plaintiff to kneel upon a large wooden board and to be restrained naked and spread-eagled face down upon the board exposing her genitals, buttocks, breasts and anus to their view cannot be justified on either penological or security basis.

35. The actions of the Defendants as described herein were a violation of the Plaintiff's right to privacy, to be secure that her body not be unreasonably exposed to public gaze, scorn, ridicule, embarrassment or for the prurient interests of others.

36. The actions of the Defendants violated Plaintiff's right to privacy; further, Defendants' actions were willful, wanton and reckless.

37. Plaintiff was damaged by the action of the Defendants and she is entitled to be compensated for those damages in the following:

    a. She was humiliated and embarrassed;

      b.     She was the object of scorn, gossip and derision by Defendants;

      c.     Her reputation has been affected; and

      d.     She has suffered mental anguish.

38.    The actions of the Defendants were willful, wanton and prurient and Plaintiff is entitled to punitive damages

**WHEREFORE**, the Plaintiff prays that she be awarded actual and special damages and costs.

Respectfully submitted,

IOWA CIVIL LIBERTIES UNION

_____
Patricia M. Hulting, 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
Roehrick, Hulting, Blumberg, Kirlin & Krull, P.C.
535 Insurance Exchange Building
505 Fifth Avenue
Des Moines, Iowa 50309
Telephone: (515) 243-1403
Facsimile:  (515) 243-2336

_____
Jane Kopp Morris   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
Skinner Law Firm
923 Sixth Street
P. O. Box 153
Nevada, Iowa 50201
ATTORNEYS FOR PLAINTIFF